UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KENNETH O. OWENS, Jr., | No. 2:20-cv-2469-EFB P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| McCAMENT, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis. ECF No. 2.

## Application to Proceed in Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1 relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2 relief." *Id.* § 1915A(b).

3     A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4 of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5 plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556
10 U.S. 662, 679 (2009).

11     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at
15 678.

16     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the
22 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 Screening Order

24     According to the complaint, plaintiff's dayroom privileges were suspended between May
25 26, 2020 and June 25, 2020. ECF No. 1 at 3, 6. During this period, plaintiff was repeatedly
26 denied and/or forced to choose between taking a shower and using the phones (even though his
27 phone privileges had not been suspended). The issues allegedly began on May 29, 2020.
28 /////

Plaintiff took a shower and then made a phone call. *Id.* at 3. Defendant correctional officer McCament abruptly ended the call and accused plaintiff of being out of bounds. *Id.* Plaintiff was later found to be "not guilty" of such an offense. *Id.* at 6. On June 2, 2020, McCament made plaintiff choose between a phone call or showering. *Id.* at 4. Plaintiff chose the phone call and told McCament and defendant correctional officer Erhardt he would be filing a complaint. *Id.* On June 13, 2020, plaintiff began yelling about the denial of showers and phone calls, which triggered an asthma attack. *Id.* It took defendant correctional officers Mack, McCament, and Erhardt twenty minutes to summon medical care. *Id.* The next day, however, officer Mack issued plaintiff a rules violation report for willfully delaying a peace officer in the performance of duty. *Id.* at 5. Although not expressly alleged, the implication of plaintiff's allegations is that the officers believed the asthma attack to be fake. On June 16, 2020, after twelve days of no showers and no phone calls, plaintiff finally received both. *Id.* at 5. On June 22, 2020 at 8:45 a.m., McCament told plaintiff it was time for his shower and phone call. *Id.* Plaintiff asked if he could make his call at 11 a.m. instead. *Id.* McCament asked plaintiff if he was refusing a direct order, to which plaintiff responded "no." *Id.* at 6. McCament issued a rules violation report and plaintiff was found to be guilty. *Id.* at 7. Plaintiff identifies his claims for relief as "First Amendment," "basic necessities," and "14th Amendment . . . disciplinary proceedings." *Id.* at 3, 7. As discussed below, the claims are not sufficient to survive screening.

    First, plaintiff does not specify how his First Amendment rights were violated. If plaintiff intends to pursue a First Amendment retaliation claim, he must allege facts showing that a defendant was aware of his First Amendment protected conduct (i.e., filing or intending to file a complaint against a defendant), and that the complaint was "the 'substantial' or 'motivating' factor" behind defendant's allegedly adverse actions. *See Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Mere conclusions of hypothetical retaliation are insufficient, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

    Second, plaintiff's "basic necessities" claim is rooted in the Eighth Amendment and appears to be based on the denial of phone calls and showers for twelve days. To succeed on

1 such a claim, a prisoner must show that (1) the defendant prison official's conduct deprived him
2 or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with
3 deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834
4 (1994). The temporary denial of phone access does not give rise to an Eighth Amendment claim.
5 *See Toussaint v. McCarthy*, 597 F. Supp. 1388, 1413 (9th Cir. 1984) ("Plaintiffs cite to no
6 authority for the assertion that the complete denial to inmate of access to telephone violates
7 contemporary standards of decency inherent in the Eighth Amendment."). The denial of showers
8 for extended periods of time may, however, constitute a serious deprivation of sanitation within
9 the meaning of the Eighth Amendment. *See id.* at 411 (9th Cir. 1984) (the Eighth Amendment
10 guarantees personal hygiene), *but see McFarland v. Kullojka*, No. C18-457-JCC-JPD, 2019 U.S.
11 Dist. LEXIS 30527 at *14 (W.D. Wash. Jan. 30, 2019) (denial of showers for eight days, though
12 "upsetting to plaintiff, [is] not sufficiently serious to implicate Eighth Amendment concerns.");
13 *Centeno v. Wilson*, No. 1:08-CV-1435-FJM, 2011 U.S. Dist. LEXIS 21796 at *6 (E.D. Cal. Mar.
14 4, 2011) (denial of showers for seven days is "not so extreme as to violate contemporary
15 standards of decency and rise to the level of a constitutional deprivation."). Here, plaintiff has
16 alleged he was denied showers for twelve days. He has not, however, alleged any "specific facts
17 that would support a reasonable inference that [he] was held in conditions so unsafe or unsanitary
18 that they violated the Eighth Amendment . . . ." *See Hernandez v. Olmos*, No. 1:11-cv-01495
19 LJO DLB PC, 2013 U.S. Dist. LEXIS 150357 at *6 (E.D. Cal. Oct. 18, 2013) ("[S]hort term
20 denials of showers is not the type of deprivation that rises to the level of an Eighth Amendment
21 violation."). Furthermore, plaintiff has not alleged that any defendant acted with the requisite
22 state of mind for an Eight Amendment claim. Deliberate indifference requires that a defendant
23 knew of and disregarded an excessive risk to plaintiff's health or safety. *Farmer*, 511 U.S. at
24 847.
25     Finally, plaintiff claims that defendant Elston violated plaintiff's right to due process
26 under the Fourteenth Amendment by finding plaintiff guilty of delaying a peace officer even
27 though the evidence favored plaintiff. ECF No. 1 at 7. Plaintiff claims to have lost "good time"
28 /////

as punishment.[1]  *Id.*  In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  Although plaintiff claims "there was no evidence to find [him] guilty" (ECF No. 1 at 7), his allegations suggest that in addition to hearing plaintiff's statement, defendant Elson also had defendant Mack's written statement to consider.  *See* ECF No. 1 at 7 ("In July I was seen by Lt. Elson for the write-up by c/o Mack for willfully delaying a peace officer . . . ."); *id.* at 5 ("He stated nothing was wrong with me and my result came back negative . . . .").  Mack's statement alone is at least "some evidence" to support Elston's decision.  And even if plaintiff believes that Mack's statement about plaintiff's medical condition/asthma attack was false, it does not give rise to a constitutional violation.  *See Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (prisoners have no constitutional right to be free from wrongfully issued disciplinary reports), *aff'd without opinion*, 168 F.3d 498 (9th Cir. 1999).

Leave to Amend

Plaintiff's complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

/////

---

[1] To the extent that success on any claim plaintiff wishes to pursue would necessarily imply the invalidity of the discipline (and thus necessitate the restoration of forfeited time credits and advance petitioner's release date), such claim is barred by the rule of *Heck v. Humphrey* unless plaintiff can demonstrate that the discipline has been invalidated through another proceeding (for example, the granting of a habeas petition). 512 U.S. 477, 486-87 (1994).

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED: January 11, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE